JOHN STEWARD, JR. & CO. v. STRIPPLEMAN AND ANOTHER.

See this case for circumstances under which it was held that the jury were authorized to find that the indorsee of a promissory note had authority to release the maker, in consideration of an assignment for the benefit of creditors, although the note remained in fact the property of the indorser, and this was known to the maker of the note;—the transaction being free from fraud or unfairness towards the indorser.

See this case for evidence, which was held insufficient to establish fraud in obtaining a release in consideration of an assignment for the benefit of creditors ; or, at all events, not to be of so conslusive a character as absolutely to require the jury to find that the release was fraudulently obtained ; they having found to the contrary.

Appeal from Harris. Tried before the Hon. Peter W. Gray.

Suit by the appellant, Oct. 2nd, 1854, against the appellees, Strippleman and Boyce, on two promissory notes, dated and due in 1853, and to foreclose a mortgage made to secure their payment by Boyce. The defendants pleaded a release, and the plaintiffs denied that the release was made by their authority, and alleged that it was obtained by fraud. It appears that the release was made in consideration of an assignment for the benefit of creditors—one schedule of preferred creditors, and another of postponed creditors, the plaintiffs being among the latter.

The release, as to one note, was signed John Steward, Jr. & Co., by Isaac G. Williams, Attorney of R. & D. G. Mills ; as to the other, John Steward, Jr. & Co. by W. J. Darden, Attorney. The evidence as to the authority of the agents was, that the notes had been endorsed by the plaintiffs to R. & D. G. Mills, and that Williams and Darden had authority from the latter to sign the releases. There was evidence enough in the record, to show that the notes, although endorsed to R. & D. G. Mills, remained in fact the property of the plaintiffs, and that the defendants knew it.

The evidence as to fraud was as follows : Strippleman & Boyce said that their assets would be more than sufficient to pay their debts, "which was not the fact." They represented, at the time of the assignment, that their assets would amount to $31,046 12. It was afterwards ascertained that their assets would not amount "to that sum." The releases were made upon the firm belief that the assets of the firm of Strippleman & Boyce were more than sufficient to pay all their liabilities, and upon the belief that the assets were larger than they were in fact, and upon the assertions of Strippleman & Boyce, and of Strippleman in particular, that the exhibit they made, showing $31,046 12, was true and correct. The release was absolute, because full belief and faith was reposed in the assertions of Strippleman & Boyce, and Strippleman especially,

he having been the book-keeper of the firm, and supposed to have better knowledge of its affairs.  The foregoing was the testimony of one of the trustees, who had acted as attorney for R. & D. G. Mills in accepting the assignment.  The plaintiffs also proved by William M. Rice, that he, witness, was one of the preferred creditors, and had not as yet got all his claims from Strippleman & Boyce's assignees ; that he believed that collections had turned out badly.  The claims of Rice, as stated in the schedule, exceeded $10,000.  The assignment and releases were made in October, 1853, and the trial took place on the 28th December, 1855.

Verdict and judgment for defendants.  Motion for new trial overruled.

*Palmer & Jordan,* for appellants.

*J. W. Henderson,* for appellees.

WHEELER, J.  The question of the authority of those representing the appellants, to accept the assignment of the appellees, and release the latter from their liabilities to the former ; as also the question of fraud, in making the assignment and procuring the release, were fairly submitted by the Court to the consideration of the jury.  Upon the first question, we are of opinion, the jury were well warranted by the evidence in finding, that those representing the appellants had full power and authority to act in their behalf in the premises.  And upon the second point, it is not perceived that there was evidence of fraud on the part of the appellees, of so conclusive a character and tendency, as to warrant the Court in setting aside the verdict on that ground.  They represented their effects to be of greater amount in value than they really were.  That was a circumstance from which the jury might have drawn an inference unfavorable to the fairness and honesty of the assignment.  But it was not, of itself, of so conclusive a charac-

ter as not fairly to admit of a different inference ; or, as abso-
lutely to require the jury to find that it was fraudulent. For
aught that appears, it may have been an honest mistake on their
part. There may have been more difficulty than they antici-
pated in making collections, and realizing the proceeds of the
property transferred by the assignment. It does not necessa-
rily follow, that the representations made by them were know-
ingly false, and made with an intention to deceive. If they
were so in fact, more convincing proof, it would seem, might
have been obtained. Some evidence might, at least, have been
procured of the real state of their affairs at the time. But
none was offered. The fact that one of the preferred creditors
had not yet received the full amount of his claim, was not proof
conclusive that the assignment was in fact fraudulent as to
the appellants ; or that enough may not yet be realized, not
only to satisfy the preferred creditors, but all others. The
jury might well decline to find the assignment fraudulent, on
the evidence before them, without more certain and satisfac-
tory information than it afforded, of the real character and
purpose of the act in question ; some evidence, at least, of the
state of the affairs of the party making the assignment ; some-
thing to throw more light on the transaction, when, it is rea-
sonable to suppose, that such evidence might readily have
been obtained, if it was in fact fraudulent. Moreover, if the
plaintiffs intended to impeach the honesty and good faith of
the assignment, they should have given notice of that intention
by their pleadings. We are of opinion that the Court did not
err in refusing a new trial ; and the judgment is affirmed.

Judgment affirmed.